UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
EYEKING, LLC,                                    Case No. 2:17-cv-06215 (ADS)(SIL)

                Plaintiff,

   -against-

JSS, LLC d/b/a I-SEA PRODUCTS,

                Defendant.
-----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION

                                        KAISER SAURBORN & MAIR, P.C.
                                        111 Broadway, 18th floor
                                        New York, New York 10006
                                        (212) 338-9100
                                        Attorneys for Defendant JSS LLC

*Of counsel*:
Henry L. Saurborn, Jr.

## PRELIMINARY STATEMENT

Defendant JSS LLC ("JSS") submits this memorandum of law in support of its motion for an order of this Court, pursuant to Fed.R.Civ. P. 12(b)(2), dismissing this action against it for want of in personam jurisdiction. This Court lacks jurisdiction over JSS because it neither resides or regularly transacts business in the State of New York and the Court's exercise of personal jurisdiction over it would not comport with principles of due process under the U.S. Constitution.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying declaration of Joseph Santley, dated November 15, 2017, and will not be repeated herein.

## ARGUMENT

**DISMISSAL OF THE COMPLAINT AGAINST DEFENDANT IS REQUIRED HERE BECAUSE UNDER APPLICABLE STANDARDS OF DUE PROCESS AND PRECEDENT, THIS COURT LACKS PERSONAL JURISDICTION OVER IT**

Federal Rule of Civil Procedure 12(b)(2) "permits a defendant to challenge a court's personal jurisdiction over it prior to the filing of an answer or the commencement of discovery." *American Medical Distributors, Inc. v. Saturna Group Chartered Accountants, LLP*, 2016 WL 3920224 at *7 (E.D.N.Y. 2016) (quoting *A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F.Supp.2d 557, 562 (E.D.N.Y.2011). On such a motion, it is "the plaintiff [who] bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.,* 286 F.3d 81, 84 (2nd Cir. 2001) (citation omitted); accord *In re Terrorist Attacks on Sept. 11, 2001,* 714 F.3d 659, 673 (2nd Cir. 2013); *JB Aviation v. R Aviation Charter Svcs LLC*,

143 F.Supp.3d 37, 48 (E.D.N.Y. 2015).

A district court's exercise of personal jurisdiction over a non-resident defendant in a federal diversity action is determined according to the law of the forum state. See e.g., *Whitaker v. Am. Telecasting Inc.*, 261 F.3d 196, 208 (2nd Cir. 2001) . Therefore, this Court must look to New York's personal jurisdiction statutes, namely the New York Civil Practice Law and Rules ("CPLR") Sections 301 and 302, to determine whether plaintiff Eyeking has made a prima facie showing of personal jurisdiction over the out-of-state JSS.  Then, if jurisdiction is found, the Court must determine whether the exercise of such jurisdiction under state law satisfies the federal due process requirements of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320 (1945)).

The Second Circuit has set out a two-part analysis that the District Court must engage in determining such a motion.  First, the court must establish whether there is "a statutory basis for exercising personal jurisdiction," *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2nd Cir. 2013); second, the court must decide whether the exercise of jurisdiction comports with due process, see *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2nd Cir.) (per curiam), cert. denied, ⸻ U.S. ⸻, 134 S.Ct. 2888 (2014).  In part one of the analysis, the court "applies the forum state's personal jurisdiction rules" unless a federal statute "specifically provide[s] for national service of process." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2nd Cir. 1997) (internal quotation marks omitted).

New York's long-arm statute "provides, in pertinent part, that a court 'may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . .

transacts any business within the state,' so long as the plaintiff's 'cause of action aris[es] from' that 'transact[ion].' " *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 673 F.3d 50, 60 (2nd Cir. 2012) (alterations in original) (quoting New York Civil Practice Law and Rules § 302(a)). The District Court must examine both "(1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2nd Cir. 2007) (internal citations, alterations, and quotation marks omitted). *Levitin v. Sony Music Entm't*, 101 F. Supp.3d 376, 388 (S.D.N.Y. 2015).

  Here, Eyeking's state court complaint alleges only that "this Court has jurisdiction over the . . . parties hereto." See, Compl. ¶ 7 [Doc. 1-1 at p. 3]. However, as set forth in the accompanying Declaration of Joseph Santley, defendant JSS, a California limited liability company, does no business in New York nor does it own or use property there. For the purposes of § 302(a)(1), a non-domiciliary defendant "transacts business" when it "purposefully avails [it]self of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *CutCo Indus. v. Naughton,* 806 F.2d 361, 365 (2nd Cir. 1986) (citing *McGowan v. Smith,* 52 N.Y.2d 268 (1981)).

  Further, "the claim against the non-domiciliary must arise out of that business activity." *Id.* Thus, there must be a substantial nexus between a defendant's contact with the forum — the "business transaction" — and the plaintiff's claims against the foreign party. See, *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460 (1998). Here there is no such activity nor any transaction or nexus activity. According to the record here, there is none.

  "In judging minimum contacts, a court properly focuses on 'the relationship among the

defendant, the forum, and the litigation.' " *Calder v. Jones,* 465 U.S. 783 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)). To establish the minimum contacts necessary to justify "specific" jurisdiction, the claim must arise out of or relate to the defendant's contacts with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984), such that defendant "purposefully availed" itself of doing business and could foresee being "haled into court" in the state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 287 (1980).

It is so too here, where the complaint lacks any allegation of purposeful business or other activity or specific contacts by defendant JSS in New York and JSS denies same. Moreover, it would also violate notions of due process to require a non-domiciliary defendant to defend claims in a New York federal court under the parameters of the United States Constitution and applicable jurisprudence, such as *International Shoe v. Washington*, 326 U.S. 310 (1945), *World Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980) and their progeny.

Under similar circumstances to this case, where a New York plaintiff has attempted to sue a California domiciliary in New York and there is no connection between the two, the Second Circuit and this Court have confirmed that no jurisdiction lies. <u>See</u>, <u>e.g.</u>, *Mayes v. Leipziger*, 674 F.2d 178, 184–85 (2nd Cir. 1982) ("The present case presents none of the characteristics . . . required by the courts of New York for the invocation of § 302(a)(1). The defendants never entered New York. They did not initiate the contact with the individuals who were in New York"); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2nd Cir. 1983) ([Defendant's] contact with New York is deficient in both quality and degree and thereby fails to support section 302(a)(1) jurisdiction."); *Worldwide Futgol Assocs., Inc. v. Event Entm't, Inc.*, 983 F.Supp. 173, 177 (E.D.N.Y. 1997); *Kowalski-Schmidt v. CLS Mortg., Inc*., 981 F.Supp. 105,

112 (E.D.N.Y. 1997).

## CONCLUSION

The absence in the complaint of specific allegations concerning the basis for requiring the defendant to have to defend against the claims of plaintiff Eyeking in a New York court, coupled with the declaration of the moving defendant's principal demonstrating that JSS has no such New York contacts, demonstrates that Eyeking has not and cannot satisfy its jurisdictional burden. Stated simply, there is no basis for this Court's exercise of personal jurisdiction over JSS. Accordingly, defendant JSS LLC respectfully requests that this Court grant its motion by entering an appropriate order under Fed.R.Civ.P. 12(b) dismissing this action for lack of personal jurisdiction.

Dated: New York, New York
November 15, 2017

Respectfully submitted,

KAISER SAURBORN & MAIR, P.C.
Attorneys for Defendant JSS LLC

By:    /s/ Henry L. Saurborn, Jr.
Henry L. Saurborn, Jr. [HS-6583]

111 Broadway, 18th Floor
New York, New York 10006
(212) 338-9100
saurborn@ksmlaw.com