FILED
CLERK
4:00 pm, Jun 19, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
EYEKING, LLC,

                Plaintiff,

    -against-

JSS, LLC *doing business as* I-Sea Products,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-06215 (ADS)(SIL)

**APPEARANCES:**

**Richard A. Kraslow, P.C.**
*Attorney for the Plaintiff*
425 Broad Hollow Road
Suite 206
Melville, NY 11747
    By:    Richard A. Kraslow, Esq., Of Counsel

**Kaiser Saurborn & Mair, P.C.**
*Attorneys for the Defendant*
111 Broadway
18th Floor
New York, NY 10006
    By:    Henry L. Saurborn, Jr., Esq., Of Counsel

**SPATT, District Judge**:

The Plaintiff Eyeking, LLC (the "Plaintiff" or "Eyeking") brought this action against the Defendant JSS, LLC doing business as I-Sea Products (the "Defendant" or "JSS"), alleging that it tortiously interfered with the Plaintiff's business relationships.

Presently before the Court is a motion by the Defendant to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction. For the following reasons, the Defendant's motion is granted.

# I. BACKGROUND

## A. The Relevant Facts

The Plaintiff is a New York limited liability company that designs, manufactures, distributes, and sells sunglasses.

The Defendant is a California limited liability company which is a wholesaler of eyewear.

On July 20, 2009, the Plaintiff and non-party Allison Singer ("Singer") entered into a Confidentiality, Non-Solicitation, and Non-Competition Agreement (the "Agreement") as part of her employment with Eyeking. While the Plaintiff claims in its complaint that Singer is the sole member of JSS, the Defendant submitted an affidavit from Joseph Santley ("Santley") in which he stated that he is and has always been its sole member, as well as the statement of information filed by Joseph Santley with the California Secretary of State which lists him as its sole member. The Plaintiff submitted an affidavit from Craig Fels ("Fels"), a member of Eyeking, in which he stated that Santley has no personal involvement in the Defendant's business. However, it is not clear how Fels, as a member of Eyeking, would have personal knowledge of this fact.

During her employment with Eyeking, Singer was apparently privy to confidential information. On January 21, 2016, Singer resigned from Eyeking. At some point, Singer apparently became employed by the Defendant, and allegedly disclosed confidential information to JSS.

JSS apparently sells and distributes sunglasses to a number of national retail stores and distribution channels, including Vanilla Sky, Aeropostale, Discovery Clothing Company, Spencer Gifts, Inc., Zumiez, Shoe Sensation Inc., 10 Spot Plus, Icon Eyewear Inc., DD's Discounts, Torrid Merchandising Inc., Forever 21, Van Maur, The Buckle Inc., Journey's Retail, Citi Trends, Inc., Charlotte Russe, K&G, Hot Topic, Rue 21, and 5 Below. The Plaintiff also sells to these national

retailers. Fels testified during a deposition that Singer attempted to secure business with Urban Outfitters, Tilly's, and Zumiez.

The establishments enumerated above maintain over 100 retail locations in New York State. The Plaintiff did not provide any evidence that the Defendant ships its products to these retailers in New York, or that these retailers even sell the Defendant's products in New York.

## B. The Relevant Procedural History

The Plaintiff initially filed its complaint in the Supreme Court of the State of New York, Suffolk County, on September 28, 2017. The Plaintiff's sole cause of action is for tortious interference with business relations. The Plaintiff seeks injunctive relief and damages.

On October 24, 2017, the Defendant removed the action to federal court based on the diversity of the parties and the amount in controversy.

On November 15, 2017, the Defendant filed the instant motion to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

## A. The Standard of Review Under Rule 12(b)(2)

Rule 12(b)(2) authorizes a party to seek dismissal on the ground that the Court lacks personal jurisdiction over him or it. However, as the party attempting to invoke the Court's jurisdiction, it is the Plaintiff that bears the burden of showing that personal jurisdiction exists over the Defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

"Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id.* (citing *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). In doing so, "the plaintiff need only make a *prima facie* showing," and "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the

defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)).

### 1. The Applicable Legal Framework—A Two-Part Test

In resolving questions of personal jurisdiction in a diversity action, the Court must conduct a two-part inquiry: "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metro. Life Ins*, 84 F.3d at 567.

#### a. Part One: The Defendant's Amenability to Suit under New York's Laws

First, the Court must determine whether, under the facts and circumstances of this case, New York law supports the exercise of either general jurisdiction (also called "all-purpose jurisdiction") or specific jurisdiction (also called "case-linked jurisdiction"). *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). General jurisdiction "permits a court to adjudicate any cause of action against the [] defendant, wherever arising, and whoever the plaintiff," while specific jurisdiction is only "available when the cause of action sued upon arises out of the defendant's activities in [the] state." *Id.* (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010)).

As the Plaintiff concedes that this Court cannot exercise general jurisdiction over the Defendant, the Court will not engage in a discussion of the standard of general jurisdiction. Instead, the Court proceeds to specific jurisdiction.

### i. Specific (or "Case-Linked") Jurisdiction

The statutory basis for specific jurisdiction is found in New York's long-arm statute, which, as to causes of action specifically arising from the Defendant's conduct in the state, allows the Court to exercise personal jurisdiction over a non-domiciliary who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act [outside] the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a); *see also Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323–24 (S.D.N.Y. 2015) ("In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the [acts enumerated in the statute] either in person or through an agent *and* such acts relate to an asserted claim . . . ." (emphasis in original)). Therefore, in order to exercise specific jurisdiction over an individual or entity, that non-domiciliary must have engaged in one of the four enumerated acts above, and the causes of action must relate to one of those four acts.

### b. Part Two: The Constitutional Inquiry

"Whether specific or general, . . . the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process." *Brown*, 814 F.3d at 625. Thus, if the requirements of CPLR § 302 are satisfied, the Court must address whether the exercise of jurisdiction would comport with the Due Process Clause. *See Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (citations omitted).

"The constitutional analysis under the Due Process Clause consists of two separate components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Id.* at 60 (quoting *Chloé*, 616 F.3d at 164). As the Second Circuit has explained:

> The "minimum contacts" inquiry requires us to consider "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." [*Chloé*, 616 F.3d at 164.] The "reasonableness" inquiry requires us to decide "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Id.*

*Id.*

With these legal principles in mind, the Court turns to the parties' substantive contentions.

**2. Application to the Plaintiff's Case**

The Plaintiff concedes that this Court is unable to exercise general jurisdiction over the Defendant, but contends that specific jurisdiction can be exercised over it pursuant to N.Y. C.P.L.R. § 302(a)(1).

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC,* 450 F.3d 100, 103 (2d Cir. 2006). "[A] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and citation omitted).

When considering whether a defendant "transacted business," New York courts rely on the constitutional standard set forth by the Supreme Court: "whether the defendant's conduct constitutes 'purposeful[ ] avail[ment]' 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Best Van Lines,* 490 F.3d at 246–

47 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) (alterations in original)).

The Plaintiff relies solely on the fact that the Defendant allegedly distributes sunglasses to a number of national retailers who have retail establishments in New York. The Plaintiff did not provide any evidence that the Defendant ships to locations in New York; that the national retailers in fact sold the Defendant's products in New York; that the Defendant was aware that any of its products were being sold in New York; that any payments were made from New York; or that the Defendant contracted with any of the national chains in New York.

All that the Plaintiff alleges is that the Defendant sold products to national retailers who eventually distributed the Defendant's products throughout the country, including possibly to New York. This is insufficient. "While [the Defendant] may have been aware that its products were later distributed by [its customers] throughout the United States, such knowledge constitutes neither knowledge of the products' ultimate destination nor purposeful availment of the protection of New York law." *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279, 287 (E.D.N.Y. 2007).

Said differently, "[s]ales through . . . a nationwide distributor do not involve purposeful availment. [The] Plaintiff[] never allege[d] any facts to convince the court that [the] [D]efendant[] exercised some control over the third parties in the New York sales transactions." *Glob. Gospel Music Grp. LLC v. Habukkuk Music, Inc.*, No. 10 Civ. 01818 (GBD), 2010 WL 4968172, at *4 (S.D.N.Y. Dec. 6, 2010) (citing *Stephan,* 499 F. Supp. 2d at 287; *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (N.Y. 1988) (internal brackets and footnote omitted)); *see also Complexions, Inc. v. Indus. Outfitters, Inc.*, No. 1:09-CV-1402 (MAD/DRH), 2011 WL 13070424, at *5 (N.D.N.Y. Aug. 9, 2011) ("[P]laintiff presents no evidence that Zytek purposefully sought to conduct business in New York or avail itself of the benefits of the laws of

7

New York. Where, as here, there is a sale to a foreign distributor who then makes the independent decision to utilize the product in New York, personal jurisdiction is sustained only where it can be shown that when the named defendant made the out of state sale, it sought a purposeful affiliation with the State of New York. Here, the record, as it presently exists, contains no evidence that Zytek had any knowledge or reason to know that its glue would be used in New York." (internal citations and quotation marks omitted)). Therefore, the Court finds that the Plaintiff has not made a *prima facie* showing that the Defendant transacted business within New York State.

Furthermore, there is no evidence that the Plaintiff's claims arise out of any shipments to New York. That is, the Plaintiff has not shown that the Defendant's alleged tortious interference arose out of its shipments to New York. Therefore, the Plaintiff has not made a *prima facie* showing that there is an articulable nexus between the claim asserted and the Defendant's New York connections.

Accordingly, the Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction is granted.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction is granted. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED**

Dated: Central Islip, New York

June 19, 2018

                                                  */s/ Arthur D. Spatt*

                                                  ARTHUR D. SPATT

                                                  United States District Judge